HARRISON SMALL *vs.* JANE F. CLEWLEY, Executrix.

*Burden of proof as to consideration of promissory note is on the plaintiff.*

In an action on a promissory note between the original parties thereto, where a want of consideration is relied upon as a defence. and evidence is given on the one side in the affirmative, and on the other in the negative, of the fact of consideration, the burden of proof is on the plaintiff to satisfy the jury upon the whole evidence, of that fact.

ON EXCEPTIONS.

ASSUMPSIT for money had and received, brought under R. S., c. 66, § 13, upon a claim disallowed by the commissioners of insolvency upon the estate of the late William Clewley, deceased, of whose will the defendant is executrix. By a specification annexed to his writ, the plaintiff set up as the foundation of this action two promissory notes, alleged to have been made by the testator, one for $200, dated June 7, 1864, payable to the order of P. Warren in one year from that time with interest, and by said Warren indorsed ; and the other for $500, dated April 14, 1868, running to Harrison Small or bearer, payable in one year from date with interest. The defence set up to both notes was forgery ; as evidence of which it was said there were never any dealings between the parties to afford a consideration for such notes.

The only exception to the charge which received the attention of the court was the instruction as to the burden of proof, the bill of exceptions being to the whole charge. The ruling of the court as to the *onus probandi* is stated in the opinion. It may be proper to remark that the rescript prepared by the justice delivering the opinion has been used as the head note of this case, because it is in the identical language of that of *Delano v. Bartlett,* 6 Cush., 364, indicating the full concurrence of our court in the principles there enunciated. The verdict in the cause at bar was for the plaintiff for the amount of the larger note and the defendant excepted.

*A. G. Jewett, F. Nickerson* and *N. H. Hubbard,* for the defendant.

*N. Abbott,* for the plaintiff.

PETERS, J.　The plaintiff, as payee, sues the executrix of the maker of two promissory notes.　The grounds of defence, taken by the defendant, seem to have been that the notes were forged ; or, if genuine, that they were obtained without a valuable consideration therefor.　The parties did not testify ; no witnesses to the original transactions were called ; the evidence is mostly circumstantial and somewhat indefinite, and was introduced by both sides upon the issues involved.

The judge presiding said to the jury, "if you find that the signature is genuine, the burden is upon the defendant to show he should not pay it ;"—"if you are satisfied that those signatures are genuine, then the presumption of law is, that the notes were given at the time they purport to have been given, and for a valid consideration, and the plaintiff is entitled to judgment for the amount and interest on the notes, unless the defendant taking the burden upon herself, has satisfied you that there is some legal reason why she should not pay them.　It is incumbent upon the defendant to satisfy you by a balance of testimony, if you find that the signatures are genuine, that she has some ground for being discharged from liability."

The effect of the instruction was to impose the burden of proof upon the defendant, to show that there was a want of consideration for the notes ; and in this respect the instruction was erroneous.　In one sense a burden of proof would be upon the defendant ; a particular burden, to rebut the *prima facie* case made by the production of a genuine note, but the general burden of proof was upon the plaintiff to show a consideration for the notes, and that burden does not shift.　The weight of evidence may preponderate on the one side or the other, but the burden of proof remains on the plaintiff, unless the defendant sets up a new and

distinct issue, as payment, for instance, confessing the original contract, and seeking to avoid it. Here the plaintiff declares, in his writ, that the notes were given for value. If not so given, they were not contracts upon which the defendant could be legally held. The plaintiff is required to prove this essential allegation. He can rely on the presumption which arises from the note itself. But there being other evidence on both sides, which has a bearing upon the question of consideration, the burden remains upon the plaintiff upon all the evidence produced, including the note itself and the presumption that arises from it, to establish what he, in the declaration in his writ, has necessarily alleged.

The same question arose in *Delano v. Bartlett*, 6 Cush., 367, where it is said, "It was incumbent on the plaintiff to prove a consideration for the note, which was the foundation of the suit. That was a part of her case, and the burden was on her to establish that fact. But the note itself was *prima facie* evidence of a consideration, so that, by producing the note, the plaintiff made a *prima facie* case. That evidence, if not rebutted, would be sufficient to maintain the plaintiff's case. But it was competent for the defendants to rebut the evidence on the part of the plaintiff, and thus to avoid the *prima facie* case made by her. Accordingly the defendants did offer evidence to rebut the evidence on the part of the plaintiff, and to show that there was no consideration. The evidence on both sides applied to the affirmative or negative of the same issue or proposition of fact, a consideration for the note, and the plaintiff's case requiring her to show that fact, the burden of proof was all along on her to satisfy the jury upon the whole evidence in the case, of the fact of a consideration of the note."

In *Powers v. Russell*, 13 Pick., 76, Chief Justice Shaw says, "where a party having the burden of proof establishes a *prima facie* case, and no proof to the contrary is offered, he will prevail. Therefore the other party if he would avoid the effect of such *prima facie* case, must produce evidence of equal or greater weight to balance and control it, or he will fail. Still the proof

upon both sides, applies to the affirmative or negative of one and the same issue, or proposition of fact ; and the party whose case requires the proof of that fact, has all along the burden of proof. It does not shift, though the weight in either scale may at times preponderate."

In a note to the case of *Commonwealth v. McKie*, 1 Leading Criminal Cases, by Bennett & Heard, the editors clearly express the legal proposition in this way : "The production of a note written by the defendant, containing the words 'value received' is equivalent to proving an admission of his, that there was an original consideration for the note, and nothing more. It is a *prima facie* evidence of a consideration, sufficient, if not rebutted, to maintain the plaintiff's case. But to hold that such an admission in the note of a consideration therefor, changes the burden of proof, and compels the defendant to assume it, would be to hold that such an admission, when made orally, and when not contained in the instrument, would have the same effect."

Other authorities are to the same effect. *Noxon v. De Wolf*, 10 Gray, 343 ; *Estabrook v. Boyle*, 1 Allen, 412 ; *Crowninshield v. Crowninshield*, 2 Gray, 529 ; *Burnham v. Allen*, 1 Gray, 496 ; *Smith v. Edgeworth*, 3 Allen, 233 ; *State v. Flye*, 26 Maine, 312 ; *Tarbox v. Eastern Steamboat Co.*, 50 Maine, 339 ; *Bourne v. Ward*, 51 Maine, 191.

In *Sawyer v. Vaughan*, 25 Maine, 336, it is stated that the burden of proof would be upon the defendant to prove a failure of consideration of a note. In *Delano v. Bartlett*, 6 Cush., 368, before cited, a distinction is made in respect to the burden of proof, between a want of original consideration and a failure of it ; while in *Burnham v. Allen, ubi supra*, no such distinction is taken by Chief Justice Shaw. If no distinction exists, the statement by Shepley, J., in *Sawyer v. Vaughan*, if he intended to convey the idea that the defendant would be required to show more than enough to control the *prima facie* case made by the note, which he probably did not, would be erroneous. A later case in this State, *Quimby v. Morrill*, 47 Maine, 470, evidently

received very little consideration, so far as this question was concerned, and so far as contradictory to the construction established in the present opinion, is, both upon principle and the precedents, unsustained.

It might be regarded that the instruction in this case was not given in the strict and technical sense of the meaning of *onus probandi*; and that the burden alluded to was merely a requirement to nullify the effect of the plaintiff's *prima facie* case, were it not that the defendant was required to show the grounds of her discharge from liability by a balance of testimony; which would seem to imply, and might be so regarded, as requiring more rebutting evidence by the defendant than sufficient to nullify the value of all that the plaintiff had produced, and so that the defendant would be held, even if, upon all the testimony of both sides, upon the disputed proposition, it was left uncertain whether there was any consideration for the notes or not. The defendant would thus be held even if the scales of evidence were *in equilibrio*. He would be required to produce evidence not only equal to, but greater than the weight of all presented by the plaintiff. He would have to satisfy the jury not only that upon the whole evidence no consideration for the note was proved, but that none existed. He was required not only to control and overturn the presumption created by the note, but to proceed further, and prove the negative of a proposition, the affirmative of which was upon the other side. In *Burnham v. Allen*, 1 Gray, 501, *ubi supra*, the court say: "As the burden is on the plaintiff to prove a good consideration (for the note), if the whole evidence, offered on both sides, leaves it in doubt whether there was a good consideration or not, the plaintiff fails of making out his case, and the defendant will be entitled to a verdict."

Although it might not be incorrect, ordinarily, to say, in general terms, that a production of a note would cast the burden of proof upon the maker of it to show some defence to it, a somewhat common but inaccurate use of the phrase—meaning no more than that it would be incumbent on a defendant to offer evidence to

impeach and overcome a *prima facie* case ;—still the rule given in the terms and under the aspects of the case as presented here, must be regarded as erroneous. The notes were surrounded with suspicion. Next to no evidence of a direct character was produced, throwing any light or explanation upon the transactions. It was peculiarly a case where an accurate and exact statement of the rule as to the burden of proof would have been valuable to the defendant, and she was entitled to it.     *Exceptions sustained.*

APPLETON, C. J., CUTTING, WALTON and BARROWS, JJ., concurred.