MARY ANN DURLAND, Respondent, *v.* JESSE DURLAND, as Executor of THOMAS E. DURLAND, Deceased, Appellant.

1. ACTION ON PROMISSORY NOTE — PRESUMPTION OF CONSIDERATION. The plaintiff, in an action upon a promissory note, does not, by giving evidence showing an actual consideration, waive the right to avail himself of the presumption that the note is a valid obligation based upon a good and legal consideration, or relieve the defendant from the burden of proving want of consideration.

2. ENFORCEMENT, BY WIDOW, OF NOTE OF DECEASED HUSBAND. The evidence on a trial before a referee, of the claim of a widow against her deceased husband's estate, on a promissory note made by him to her in lieu of certain bonds previously assigned by him to her, contested on the ground of want of consideration, *held* to show so clearly that the consideration for the assignment of the bonds was property of the wife which the husband had received from her, and that the note was founded upon a good consideration, as to have justified the General Term in reversing, as against the weight of evidence, a decision of the referee against the validity of the claim.

*Durland* v. *Durland,* 83 Hun, 174, affirmed.

(Argued April 22, 1897; decided May 4, 1897.)

APPEAL from a judgment and order of the General Term of the Supreme Court in the second judicial department, entered January 4, 1895, which reversed a judgment in favor of defendant entered upon the report of a referee and granted a new trial.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*Lewis E. Carr* and *John J. Beattie* for appellant. The instrument on which the claim was based never had any legally enforceable quality. It was a promise to pay without consideration for the promise. (*Anthony* v. *Harrison,* 14 Hun, 198; 74 N. Y. 613; *In re James,* 146 N. Y. 78; *Whitaker* v. *Whitaker,* 52 N. Y. 368; *Carnwright* v. *Gray,* 127 N. Y. 92; *Coddington* v. *Davis,* 1 N. Y. 186; *Johnston* v. *Donvan,* 50 Hun, 215; *Bruyn* v. *Russell,* 60 Hun, 280; *Perley* v. *Perley,* 144 Mass. 104; *Heinemann* v. *Heard,* 62 N. Y. 448; *Stapenhorst* v. *Wolff,* 65 N. Y. 596; *Helck* v. *Reinheimer,* 105 N. Y. 470.) The instrument dated December 21, 1871, did not transfer to Mrs. Durland the title to, or a present interest in, the Illinois bonds. It was in the nature of a testamentary disposition of them, a gift to take effect at a future time upon a contingency that did not happen before the maturity of the bonds and their return to Mr. Durland, and had not happened when the paper of 1884 was

executed. Such interest as she had in those bonds under that paper was insufficient to sustain a promise to pay money. (*Fish* v. *Skut*, 21 Barb. 333; *French* v. *Maguire*, 55 How. Pr. 471; *Bedell* v. *Carll*, 33 N. Y. 581; *Jackson* v. *T. T. S. R. Co.*, 88 N. Y. 520, 526; *Beaver* v. *Beaver*, 117 N. Y. 421, 429; *In re Crawford*, 113 N. Y. 560; *Young* v. *Young*, 80 N. Y. 422; *Williams* v. *Guile*, 117 N. Y. 343; *In re Bolin*, 136 N. Y. 177; *Curry* v. *Powers*, 70 N. Y. 212.) The instrument of December 22, 1871, did not create a trust in the bonds in favor of Mrs. Durland, and the General Term was in error in so holding. (*Barry* v. *Lambert*, 98 N. Y. 300; *Martin* v. *Funk*, 75 N. Y. 134; *Young* v. *Young*, 80 N. Y. 422; *Wadd* v. *Hazelton*, 137 N. Y. 215; *Curry* v. *Powers*, 70 N. Y. 212; *Beaver* v. *Beaver*, 117 N. Y. 421.) Although the reversal by the General Term appears to be on the facts as well as the law, the referee's findings of fact should control where they were made on conflicting testimony. (*Field* v. *Munson*, 47 N. Y. 221; *Vermilye* v. *Palmer*, 52 N. Y. 471; *Baird* v. *Mayor, etc.*, 96 N. Y. 567; *Von Wein* v. *S. U. & N. Ins. Co.*, 118 N. Y. 94; *Barnard* v. *Ganz*, 140 N. Y. 249; *Aldridge* v. *Aldridge*, 120 N. Y. 614; *Devlin* v. *G. S. Bank*, 125 N. Y. 756.) There was ample proof to sustain the referee's findings, and he did not err in reaching the conclusion that the instrument of 1871 on which the claim in suit rested had no consideration for its support. (*Harris* v. *Clark*, 3 N. Y. 93; *Holmes* v. *Roper*, 141 N. Y. 64; *Mills* v. *Davis*, 113 N. Y. 243; *In re James*, 146 N. Y. 78; *Giles* v. *Bareman*, 5 Johns. Ch. 545; *Jackson* v. *Sackett*, 7 Wend. 94; *Bander* v. *Snyder*, 5 Barb. 63.)

*William Vanamee* and *Joseph W. Gott* for respondent. The effect of the instrument of 1871 attached to the receipt of 1869, executed by the Chester Bank, was to create a trust in favor of the plaintiff, Mrs. Durland, and to constitute the Chester Bank the trustee. (*Young* v. *Young*, 80 N. Y. 423.) If there was no consideration for the original assignment of the bonds, and if, as contended by the appellant, the instru-

ment of 1871 was merely a voluntary settlement, then a valid trust was created by it for the benefit of Mrs. Durland which Mr. Durland had no power to revoke. (*Martin* v. *Funk*, 75 N. Y. 138; *Wallace* v. *Berdell*, 97 N. Y. 14; *In re Frazer*, 92 N. Y. 248; *Barry* v. *Lambert*, 98 N. Y. 306; *Von Hesse* v. *MacKaye*, 136 N. Y. 114.) This note stands by itself. It must be construed and enforced alone. It possesses all the elements of a promissory note and must be enforced as such. (*Carnwright* v. *Gray*, 127 N. Y. 93; *Hegeman* v. *Moon*, 131 N. Y. 462.) The terms of the note import a consideration, and the defense of a lack of consideration must be affirmatively made out by the defendant. (*Raubitschek* v. *Blank*, 80 N. Y. 479.)

MARTIN, J. This was a proceeding under the statute to determine the validity of a claim against the estate of a deceased person. Thomas E. Durland died in March, 1891, leaving a last will and testament and several codicils, which, among other things, appointed the defendant as sole executor thereof.

The plaintiff, who is the widow of the testator, presented to the executor a claim against the estate for $3,500.00 and interest, from June 9th, 1888. It was based upon a promissory note which was as follows:

"January 1st, 1884. On demand, I promise to pay to Mary Ann Durland the sum of four thousand dollars (the amount differing on account of depreciation) for investments used as set forth in a paper held by her, bearing date of December 8th, 1869, and date of December 22nd, 1871. Thomas E. Durland." Upon the note were the following indorsements: "June 9th, 1888. Received on the within note interest to date. Mary A. Durland. Received on the within note, payment on principal of five hundred dollars. June 9th, 1888. Mary A. Durland."

The paper referred to in the note reads: "December 8th, 1869, Thomas E. Durland has left in the Chester National Bank for safe-keeping the following described bonds of the township of Pekin, Tazewell county, Illinois, coupons payable

on the 1st day of July, each year, at the American Exchange National Bank, New York.   1 bond, No. 25, dated June 29, 1869, due July 1st, 1879, $1,000.00 ; 1 bond, No. 26, dated June 29, 1869, due July 1st, 1879, $1,000.00 ; 1 bond, No. 27, dated June 29, 1869, due July 1st, 1879, $1,000.00 ; 1 bond, No. 28, dated June 29, 1869, due July 1st, 1879, $1,000.00 ; 1 bond, No. 29, dated June 29, 1869, due July 1st, 1879, $1,000.00 ; $5,000.00.   For value received, I hereby assign, transfer and set over to my wife, Mary Ann Durland, the above-described bonds, and hereby request the Chester National Bank to deliver the same to my said wife, and her alone, in the event that she survives me and becomes my widow, but not until then.   It is, however, my intention that this assignment is not to take effect unless my death should occur prior to that of my wife, and in that event my wife is to receive said bonds as and for her own, in addition to the amount I have heretofore bequeathed her in my will.   In witness whereof, I have hereunto set my hand and seal this twenty-second day of December, 1871.   Thomas E. Durland (L. S.) ; in the presence of John Burt."

The plaintiff's claim was rejected by the executor and referred to Michael H. Hirschberg to hear and determine. After hearing the case, he reported in favor of the defendant upon the ground that the note was without consideration, and directed judgment accordingly.   From the judgment entered upon that decision, the plaintiff appealed to the General Term, where it was in all things reversed, both upon questions of law and of fact.   From the judgment and order of reversal, the defendant has appealed to this court, and stipulated that, if the order granting a new trial should be affirmed, judgment absolute should be rendered against him.

The opinion of the General Term renders it manifest that it based its decision upon the ground that the report of the referee was against the weight of evidence, and that the note was founded upon a valid consideration.   It is a well-established rule in this court that, in reviewing the determination of a trial court on questions of fact, when the evidence is con-

flicting, an appellate court is not warranted in reversing unless it appears that the decision of the trial court is against the weight of evidence, or that the proof so clearly preponderates in favor of a contrary result that it can be said, with a reasonable degree of certainty, that the trial court erred in its conclusions. It is also well settled that, upon an appeal to this court from an order granting a new trial, the appellant assumes the risk of every exception appearing upon the record, and the order may be sustained by showing any legal error upon the part of the trial court. (*Foster* v. *Bookwalter*, 152 N. Y. 166.) Thus, at the threshold of this case we are presented with the question whether, under these rules, the General Term was justified in holding that the decision of the referee was against the weight of the evidence. The only question litigated upon the trial, or that was involved upon the appeal to the General Term, so far as the merits of this controversy were concerned, was whether the note which was the basis of the plaintiff's claim was without consideration, and, consequently, invalid.

The plaintiff, at the time of her intermarriage with the defendant's testator, was the widow of Henry B. Wisner, who died possessed and the owner of considerable property, both real and personal. He left a will by which he bequeathed to his widow all his personal property, after the payment of his debts. She also had a right of dower in his real estate, which was duly admeasured. After his death she had possession of both the real and personal property, which was managed under her direction until she married the defendant's testator, about eight years after. At the time of her marriage to the testator, or soon after, she transferred to him personal property of the value of $3,185.75. After their marriage, and from 1853, the testator also had the use of the farm of which her first husband died seized, and occupied it from that time until 1863, when it was purchased by him. During that time two-thirds of the rent was paid to her for her children, but there is no proof that he paid the plaintiff any rent for her portion of the premises, although their annual rental value was from eight

hundred to one thousand dollars. The evidence tends to show the contrary.

It is the contention of the plaintiff that the assignment of the five one-thousand-dollar bonds made by the testator to her December 22, 1871, was in settlement of an indebtedness which existed in her favor for the personal property mentioned, and the use of her share of the real estate. The attorney who prepared the assignment testified that the testator at that time stated that the assignment was for an indebtedness on his part to her growing out of the estate of the plaintiff's deceased husband, and that he did not wish the assignment to take effect until after his death. Upon the trial several other witnesses testified to transactions and admissions made by the testator, which show quite clearly not only that he was indebted to the plaintiff for matters connected with the estate of her late husband, but that upon numerous occasions he recognized his indebtedness to her as an existing fact, and evinced a disposition and intention to adjust the matter with her. An examination of the record discloses that there was abundant evidence to sustain the plaintiff's claim that the note in question was founded upon a good consideration, and that the consideration for the assignment of the five thousand dollars in bonds was property which he had received that belonged to her. We think the decided weight of evidence was to that effect. The learned General Term took the same view of the question.

The only important evidence to the contrary is the testimony of the defendant's attorney to the effect that in 1879 the plaintiff, in the presence of her husband and himself, admitted that the assignment of the bonds in 1871 was without consideration. The plaintiff not only denied that she made any such admission, but proved by at least three witnesses that the paper which the plaintiff's attorney testified was present at the time and was the subject of discussion when this admission was made, was then, and until after the death of the testator remained, in the state of New Jersey, and, hence, that his statement was untrue.

The plaintiff was, by the will of her former husband, made an executrix thereof and also trustee to manage the real property of which he died seized, for the support and benefit of her children until they should attain the age of twenty-one years. In 1850 she rendered an account as executrix, which shows that the debts of her testator, which she paid, were equal to the value of the personal property received by her into about $300. In 1856 she rendered her account as trustee for her children, which discloses that to 1853 she had expended all the money received by her as such except the sum of $326.05. These accounts were introduced in evidence by the defendant, and he now claims they show that the plaintiff could not have owned the personal property which she transferred to his testator in that year and which she now claims, with the use of one-third of the farm for ten years, was the consideration for the assignment of the bonds in 1871, and subsequently for the note in suit. These accounts do not, we think, possess the probative force claimed for them by the appellant. The effect of the account of 1850 is dispelled when we consider the plaintiff's testimony, which was uncontradicted and unimpaired either by circumstances or proof, to the effect that she paid the debts of her testator's estate from money received from the farm, brickyard, limekiln and spout sticks. It is, however, urged by the appellant that her testimony upon that subject is not to be given full credit for the reason that her account as trustee shows that she received but little more then she expended, and, hence, she could not have paid her husband's debts in the manner stated. The infirmity of this contention becomes obvious when we find that the account which she rendered as such trustee relates only to that portion of the income which belonged to her children, and does not in any way involve the use of one-third of the property which belonged to her as the widow of her testator.

Moreover, that the paper, which is the basis of this claim, is a promissory note and must be treated as such, there can be no doubt. A good consideration is not only stated on the face of the note, but the presumption is that it is a valid obligation

based upon a good and legal consideration, and the burden of showing that there was a want of consideration rested upon the defendant. The appellant, while admitting this presumption, contends that because the respondent introduced evidence to show an actual consideration, therefore she cannot avail herself of the presumption which the law affords. With this contention we do not agree. We think it cannot be properly held that the plaintiff, by giving evidence showing an actual consideration, thereby waived the right to avail herself of the presumption which the law affords or that it relieved the defendant from the burden of proving his defense.

If the defendant's contention that the note, by referring to the assignment of the bonds in 1871, makes the assignment a part of the note so that the two should be read and construed together is correct, it in no way affects the result, as it is obvious from the evidence, the circumstances developed by it, and the transactions proved to have occurred between the plaintiff and the testator in regard to her property, that there was a valid consideration for the assignment. Besides it was under seal, which was at least presumptive evidence of a sufficient consideration.

The result which we have reached upon this question renders it unnecessary to examine or discuss the various other questions so earnestly and ingeniously argued by the counsel for the appellant. If we are correct in the conclusion already reached, they could in no way affect the result.

The judgment and order should be affirmed, with costs, and judgment absolute directed for the plaintiff upon the defendant's stipulation.

All concur.

Judgment accordingly.