HANNAH G. PARSONS *vs.* THE UTICA CEMENT MANUFACTURING COMPANY.

First Judicial District, Hartford, May Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Ordinarily the possessor of a negotiable instrument who sues thereon will be deemed prima facie to be a holder in due course; but when it appears that he received the instrument from one who got it fraudulently and without consideration from its owner, the burden of proving that he took the instrument in good faith, for value, and without notice of any defect in the title of his predecessor, is cast upon the plaintiff by General Statutes, § 4229.

A coupon bond payable to bearer at a certain bank does not entitle the holder to interest after maturity, either upon the principal or upon the interest coupons, if it appears that the debtor was able and willing to pay them there as they matured; but if no funds are placed with the bank to meet these obligations and the debtor's treasurer is instructed not to pay them, the holder is entitled to interest both upon the principal of the bond and upon its overdue coupons, and no demand for payment is essential to his right of action.

The action of a trial judge in setting aside a verdict as against the

evidence is entitled to every reasonable presumption in favor of its correctness.

Argued May 9th—decided June 7th, 1907.

ACTION on two coupon bonds for $1,000 each, brought to the Superior Court in Hartford County and tried to the jury before *George W. Wheeler, J.;* a verdict for the plaintiff was set aside by the court as against the evidence, and the plaintiff appealed. *No error.*

The defendant filed a bill of exceptions to certain of the instructions given to the jury. *Exceptions sustained in part.*

The coupons were of the following form :—

"Hartford, Conn., January 1, 1885.

"$30.00

"On the first day of July, A. D. 1888, we promise to pay to the bearer thirty dollars at the Charter Oak National Bank of Hartford, Conn., for value received, being for interest due on that day, on Bond No. 41, dated January 1, A. D. 1885.

"Utica Cement Manufacturing Co.,

"By J. S. Parsons,

"*Treas.*"

*Henry T. Richardson* of Boston, for the appellant (plaintiff).

*John R. Buck,* for the appellee (defendant).

BALDWIN, C. J. This is a suit brought in 1906 on two negotiable coupon bonds for $1,000 each, issued by the defendant in 1885 and payable in 1890, to recover on each the principal, and also the interest due for two years as evidenced by the four coupons which were the last to mature. Both bonds and coupons were payable to bearer. The answer avers that the bonds, in 1887, were owned by the Continental Life Insurance Company, and were then fraudulently taken from its possession by the plaintiff's husband, who was its president, without any consideration

moving to the company, and came into her possession with notice of that fact, without any consideration moving from her, and that she was never a *bona fide* holder. These allegations were denied by the reply.

The bonds were negotiable instruments. General Statutes, § 4171. The plaintiff, as the holder, was to be deemed prima facie to be a holder in due course, but under the statute, when it is shown that the title of any person who has negotiated such an instrument was defective, "the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course." General Statutes, § 4229. This provision abrogates, so far forth, the general rule of pleading that it is for him who pleads facts to prove them. *Johnson County Savings Bank* v. *Walker*, 79 Conn. 348, 349, 65 Atl. 132. That the plaintiff got these bonds from her husband, and that he got them fraudulently and without consideration from their owner, was undisputed. It had therefore been shown that she received them from one having a defective title, and so by law the burden fell on her to prove that she was a holder in due course. To sustain this burden it was necessary for her to show that she took the bonds in good faith and for value, and without notice of any defect in her husband's title. General Statutes, § 4222. It follows that the trial court erred in instructing the jury, as it did in substance, that as the plaintiff had possession of the bonds, the burden of proof was on the defendant to show that she was not a *bona fide* holder, and that to do this it must satisfy them by a fair preponderance of evidence that she acquired the bonds either without paying any value, or knowing that her husband had taken them from the insurance company improperly and fraudulently. It being undisputed that her husband's title was defective, the burden was upon her to show value paid or want of notice of the defect; not on the defendant to show no value paid or the existence of notice. The first exception of the defendant to the charge is therefore well taken.

The second exception is that the jury were told that if

they found for the plaintiff she was entitled to recover interest on the principal of each bond from the date of its maturity, and also on each coupon from the date of its maturity. We have held that coupons similar in form bore interest, at least after demand of payment. *Fox* v. *Hartford & West Hartford H. R. Co.*, 70 Conn. 1, 11, 38 Atl. 871. As a place of payment was named in those in suit, had it been shown that the defendant was able and willing to pay them there, as they matured, no interest on them would have been recoverable. General Statutes, § 4240. The testimony offered by the defendant, and not contradicted by any evidence offered by the plaintiff, went to show that no funds had ever been placed in the Charter Oak National Bank to meet the bonds or coupons, and that the treasurer of the defendant had, before July 1st, 1888, been directed not to pay them. No demand for payment of either bonds or coupons had ever been made before the institution of this suit. Under these circumstances, the charge was correct. Each coupon was a negotiable instrument expressing an absolute undertaking to pay the bearer a certain sum on a certain day. The provision for its payment at a certain bank was rendered unimportant by the failure to place funds there to meet a demand. No demand was necessary to give a right of action. General Statutes, § 4240. The defendant has had the use of the money since the debts matured. A corresponding loss has fallen on the plaintiff, if she be a holder in due course, which is properly measured by interest on each coupon from the date of its maturity, added to interest on each bond from the date of its maturity.

We have examined with care the evidence upon which the verdict was rendered. That introduced by the plaintiff tended to show that she purchased four bonds of the Cement Company for $1,000 each, from the Insurance Company, in good faith, in consideration of her transfer to it of shares in the Cement Company to an equal amount at their par value; and that the business was transacted through her husband, who died in 1897. The evidence introduced

by the defendant tended to show that the plaintiff had no shares of stock to deliver, at the time which she testified to be that of her purchase ; that her husband was then the treasurer of the Cement Company and the president and manager of the Insurance Company; that she never disclosed her ownership of the bonds in suit to those who, in 1888, succeeded him in the management of the company, until this suit was brought; and that she never demanded the two other bonds from him or them. The stock ledger, stock transfer book and stock certificate book of the Cement Company were produced on the trial, and have been sent up with the record for our inspection. They tend strongly to show that the plaintiff, while she had once owned shares in its capital stock to the par amount of $4,000, had parted with them several months before the time when, according to her testimony, she turned them over to her husband and received from him the bonds in exchange. The trial judge, in his memorandum of decision on the motion for a new trial, observes that it seems plain to him that the jury did not appreciate the significance and force of this and other documentary evidence which was before them. Giving, as we must, every reasonable presumption in favor of the correctness of his conclusion that the verdict was against the evidence, we cannot say that it appears that he exceeded the limits of that discretion which the law entrusted to him. *Loomis* v. *Perkins*, 70 Conn. 444, 39 Atl. 797.

There was no error in granting the motion to set aside the verdict.

In this opinion the other judges concurred.