JULIUS ULRICH, ADMINISTRATOR, vs. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, New Haven, January Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, JS.

A railroad company is bound to exercise reasonable care in the operation of its trains over a private crossing which it has long permitted the general public to use, notwithstanding a railroad sign at the crossing prohibits such user.

Whether due warning was given of the approach of a train at such crossing, whether the speed of the train was unreasonable, and whether the death of the plaintiff's intestate was proximately caused by the defendant's negligence in either or both of these particulars, present questions of fact for the jury in case of conflicting evidence.

The trial court should not direct a verdict upon questions of fact, if more than one conclusion thereon is reasonably open to the jury.

A verdict should be directed only in rare instances and with great caution, since the same end can be attained, and with fuller opportunity for consideration and reflection, upon a subsequent motion to set the verdict aside, should that prove to be vulnerable.

In the present case the witnesses for the plaintiff testified that they heard no whistle or bell from the approaching train, while the defendant's witnesses testified that they heard both. *Held* that under these circumstances it was permissible for the jury to find that neither signal was in fact given, provided they believed the witnesses spoke truly, were in such a position that they might have heard, and their attention was not otherwise diverted; and therefore that the trial court erred in directing a verdict for the defendant.

Argued January 18th—decided March 1st, 1923.

ACTION to recover damages for causing the death of the plaintiff's intestate by negligence, brought to the Superior Couty in Fairfield County and tried to the jury before *Avery, J.;* the court directed a verdict for the defendant, and from the judgment thereon the plaintiff appealed. *Error and new trial ordered.*

*Robert R. Rosan,* for the appellant (plaintiff).

*James W. Carpenter,* for the appellee (defendant).

PER CURIAM.  The appellant (plaintiff) claimed to have proved that his decedent suffered injuries resulting in her death through the defendant's train running into an automobile in which she was riding as a passenger while it was passing over the planked railroad-crossing upon a roadway in Stamford called Miller Street; that the collision was caused by the appellee's negligence in failing to give any warning of the train's approach, and in operating the train at a high and dangerous speed, and that at this time the decedent was in the exercise of reasonable care.

Upon its motion the trial court directed a verdict for the defendant, and the appeal is from this ruling.  The defendant's motion was based on two grounds: (1) that Miller Street was a private crossing and therefore the defendant owed the decedent no affirmative duty while she was upon the crossing; (2) that the only reasonable inference upon the evidence was that the plaintiff had failed to prove the defendant's negligence.

The court, in directing a verdict, instructed the jury that upon the evidence reasonable men could not reach the conclusion that the decedent suffered her injuries through the breach of any duty which the defendant owed to her.

Whether Miller Street was a public highway or a private road, and whether the crossing belonged to the defendant or not, it owed to all crossing it the duty of using reasonable care so as to avoid injury to them, since this crossing had been used generally by the public for a long time without objection by the defendant, and without notice to such users other than the maintenance of a sign at the crossing reading, "Private Way, No

Thoroughfare, Use by Public Prohibited." Our rule of law as to such a crossing over a private road is thus stated in *Pomponio* v. *New York, N. H. & H. R. Co.*, 66 Conn. 528, 541, 34 Atl. 491: "Under these circumstances the defendant was clearly charged with the duty to use reasonable care towards those · using this crossing, whether they used it under a license or under an implied· invitation; a care proportionate to the danger to be reasonably anticipated from the act done, and reasonably adequate under the circumstances to prevent injury from that act to those who at that time would probably be rightfully using the crossing."

The issue of negligence was dependent upon the conclusion that the speed was an unreasonable one and that due warning was not given of the approach of the train, and whether the proximate cause of decedent's injury was due to the speed or the lack of due warning. Whether due warning was given must, upon the evidence, be resolved by deciding which to credit, the defendant's witnesses, who testify they heard whistle and bell, or the plaintiff's witnesses, who testify they did not hear whistle or bell. This raised a conflict of evidence, and we cannot agree with the trial court that the reasoning mind could not reasonably find the fact that neither whistle was blown nor bell rung, provided it was found that these witnesses spoke truly, were in a position where they might have heard, and at the time their attention was not otherwise diverted. This issue of fact, as well as that as to the speed of the train and as to whether Miller Street was a public highway or a private road, and that as to the decedent's exercise of due care, were, upon the evidence, questions of fact for the jury.

The power resting in the trial court to direct a verdict is a necessary part of the procedure in the administration of justice in our courts. Where the

verdict depends on law, or when the facts are undisputed, the trial court should direct the verdict. *Allen* v. *Ruland,* 79 Conn. 405, 406, 65 Atl. 138; *McVeigh* v. *Ripley,* 77 Conn. 136, 137, 141, 58 Atl. 701. But when the evidence is conflicting, the court should not direct a verdict unless it is clearly of the opinion that only one verdict is reasonably possible. *Loomis* v. *Norman Printers Supply Co.,* 81 Conn. 343, 71 Atl. 358. When the reasoning mind could not reasonably reach another conclusion, the judge should direct a verdict, otherwise he should refuse to direct. The same end can be reached by setting aside the verdict after the plaintiff has been accorded a full trial of his cause. The fact that the directed verdict may, by the large expense entailed in printing the evidence, result in the inability of the defeated litigant to have the directed verdict reviewed, should make the trial judge especially careful to be sure of this issue before directing a verdict, and if any question remains in his mind as to the ruling, he ought to deny the motion to direct. Subsequently, upon the motion to set aside the verdict, he can examine the evidence in the light of our law with deliberation and reflection and arrive at his conclusion apart from the haste and pressure of the court-room. And upon appeal his action in setting aside a verdict as against the evidence is entitled to every reasonable presumption in favor of its correctness. *Parsons* v. *Utica Cement Mfg. Co.,* 80 Conn. 58, 66 Atl. 1024; *Loomis* v. *Perkins,* 70 Conn. 444, 39 Atl. 797.

There is error and a new trial is ordered.