JOSEPH KESSLER *vs.* FRANCESCO VALERIO.

Third Judicial District, Bridgeport, April Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and ELLS, Js.

Under § 52 of the Negotiable Instruments Law (General Statutes, § 4410) one cannot be a "holder in due course" unless he has given a valuable consideration for the instrument.

Sections 24 and 28 (General Statutes, §§ 4382, 4386) provide in part that "every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon, to have become a party thereto for value" and that "absence or failure of consideration is a matter of defense as against any person not a holder in due course." *Held* that, subject to the qualifications of § 59 (General Statutes, § 4417), the effect of these provisions was to place upon the defendant in an action by the holder of a negotiable instrument the burden of proving absence or failure of consideration.

The burden of proof as to consideration never shifts to the plaintiff unless, as prescribed in § 59 (General Statutes, § 4417) "it is shown that the title of any person who has negotiated the instrument was defective." This exception will rarely be found applicable in an action by the payee, since the only person who in such a case has negotiated the instrument is usually the maker whose title, of course, cannot be defective.

Argued April 16th—decided June 30th, 1925.

ACTION by the payee of a promissory note against the maker, brought to the Superior Court in Fairfield County and tried to the jury before *Maltbie, J.;* verdict and judgment for the plaintiff for $1,680, and appeal by the defendant. *No error.*

The defendant, in his first defense, admitted that he executed and delivered the note to the plaintiff, but denied that it was given for value received; and his second defense alleged that it was executed and delivered as an accommodation note and without consideration. This the plaintiff denied. Upon the trial the plaintiff offered evidence to prove that the note was executed and delivered to him in consideration of the surrender by the plaintiff of a preëxisting debt owed the plaintiff by another, and the substitution of the defendant as the debtor of the plaintiff under the note, and that plaintiff did surrender such preëxisting debt. The defendant offered evidence to prove that he was not then indebted to the plaintiff, and executed and delivered the note to him solely for the purpose of the accommodation of the plaintiff. The court found that

"both parties argued the case to the jury upon the theory that the effect of" §§ 24 and 28 of the Negotiable Instruments Law (General Statutes, §§ 4382, 4386) "was to place upon the defendant the burden of proving that the note in question was an accommodation note." This finding, it was claimed by the plaintiff, justified the charge of the court to the same effect.

*Justus J. Fennel,* with whom was *George Dimenstein,* for the appellant (defendant).

*Max Spelke,* with whom, on the brief, were *Frank Rich* and *Max H. Mernstein,* for the appellee (plaintiff).

CURTIS, J. The only assignment of error that presents any substantial question in this case is whether the court erred in charging the jury that the burden of proof was upon the defendant to prove that the note was an accommodation note and hence without consideration.

Sections 24 and 28 of the Negotiable Instruments Law (General Statutes, §§ 4382, 4386) provide as follows: Section 24: "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon, to have become a party thereto for value." Section 28: "Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense *pro tanto*, whether the failure is an ascertained and liquidated amount or otherwise."

In this case the plaintiff (payee of the note) is not necessarily, under the pleadings, a holder in due course.

Section 52 (General Statutes, § 4410) defines a holder in due course, and one essential in the defini-

tion is "(3) that he took it [the instrument] in good faith and for value."

The allegations of the answer in the second defense are, in effect, that the plaintiff was the payee and holder of the note, but a holder who took the note without giving value for it, and hence was not a holder in due course. § 52 (General Statutes, § 4410). Therefore, under § 28, "absence or failure of consideration," if established, was a defense against him, and such defense was alleged by the defendant.

The court charged that the burden of proof rested upon the defendant not only to introduce some evidence of lack of consideration, but of ultimately establishing such lack by a preponderance of evidence. In Williston on Contracts, Vol. 1, §108 and note, the author gives it as his opinion that §§ 24 and 28 of the Negotiable Instruments Law have established the law to that effect. See also Negotiable Instruments Law (3d Ed.) by J. D. Brannan, page 91 *et seq.*, and *Baggish* v. *Offengand*, 99 Conn. 685, 122 Atl. 790.

Williston, in § 108, says: "The Negotiable Instruments Law was doubtless intended to codify the common law on the subject, and in the main unquestionably does so. There are, however, distinctions both at common law and under the statute between negotiable paper and ordinary simple written contracts with reference to consideration even as between immediate parties. In the first place 'every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value,' though when evidence is introduced tending to show that no consideration was given some courts hold that the ultimate burden of establishing its existence is upon the holder. Further, though any consideration sufficient to support a simple contract is

also sufficient for [to support] a promise on a nego-
tiable instrument, some things are sufficient to support
a promise on negotiable paper which are not sufficient
for other promises." (Citing an instance.) The
author, in a note on § 108, says: "Under Secs. 24 and
28 of the Negotiable Instruments Law it seems clear
that whatever the law may have been previously, the
burden is now thrown upon the defendant not only of
introducing some evidence of lack of consideration,
but of ultimately establishing such lack by a prepon-
derance of evidence." In Volume 5, Uniform Laws
Annotated (Negotiable Instruments) p. 152, this view
of the law as to the burden of proof is amply sup-
ported.

In *First State Bank* v. *Radke* (N. D.) 199 N.W.
930, it was held that the burden of showing no con-
sideration rested upon the defendant in such circum-
stances. Before the Negotiable Instruments Law,
there was a conflict of opinion as to the burden of
proof when no consideration was pleaded. Some
courts held that the burden was upon the plaintiff.
*Small* v. *Clewley,* 62 Me. 155; *Delano* v. *Bartlett,* 60
Mass. (6 Cush.) 364; *Commey* v. *Macfarlane,* 97 Pa.
St. 361. Others held the contrary. *Richardson* v.
*Comstock,* 21 Ark. 69; *Durland* v. *Durland,* 153 N. Y.
67, 47 N.E. 42; *McKenzie* v. *Oregon Imp. Co.,* 5 Wash.
409, 31 Pac. 748. Since the Negotiable Instruments
Law, the conflict has continued. The following cases
tend to support the view that the burden is on the
plaintiff. *Huntington* v. *Shute,* 180 Mass. 371, 61
N.E. 380; *Ginn* v. *Dolan,* 81 Ohio St. 121, 90 N.E.
141; *Cawthorpe* v. *Clark,* 173 Mich. 267, 138 N.W.
1075; *First Nat. Bank* v. *Paff,* 240 Pa. St. 513, 87 Atl.
841; *Hudson* v. *Moon,* 42 Utah, 377, 130 Pac. 774;
*Casey* v. *Empey,* 34 Idaho, 244, 249, 200 Pac. 122.

Professor Williston places the burden upon the de-

fendant. Professor Brannan agrees in this. This view is further supported by a substantial number of States. *Piner* v. *Brittain,* 165 N. C. 401, 81 S.E. 462; *Shaffer* v. *Bond,* 129 Md. 648, 99 Atl. 973; *Carter* v. *Butler,* 264 Mo. 306, 174 S.W. 399; *First Presbyterian Church* v. *Dennis,* 178 Iowa, 1352, 151 N.W. 183; *Harponola Co.* v. *Wilson,* 96 Vt. 427, 120 Atl. 895; *Gleason* v. *Brown,* 129 Wash. 196, 224 Pac. 930.

It is suggested that this court, in *Parsons* v. *Utica Cement Mfg. Co.,* 80 Conn. 58, 66 Atl. 1024, has adopted the rule that the burden of proof as to consideration is ultimately upon the plaintiff. That case, however, was dealing with § 59 of the Negotiable Instruments Law (General Statutes, § 4417), which reads as follows: "Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. But the last-mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

Section 59 is not involved in the case at bar, for, as Professor Brannan says in his Negotiable Instruments Law, p. 219, § 59 "does not purport to shift the burden of proof when the payee's title is defective. It is only when it is 'shown that the title of any person who has negotiated the instrument is defective' that the burden of proof shifts to the holder. But it is a rare case in which the person who negotiates the instrument to the payee is other than the party making the instrument and of course his title to his own obligation cannot be defective."

See Brannan's book, page 219, for an interesting discussion as to the case of *Parsons* v. *Utica Cement*

*Mfg. Co.*, 80 Conn. 58, 66 Atl. 1024, and 82 Conn. 333, 73 Atl. 785.

In *Ingalls* v. *Marston,* 121 Me. 182, 183, 116 Atl. 216, the court speaks as follows as to the purpose and effect of the Negotiable Instruments Law: "This act was designed to unify the law in regard to negotiable instruments in the various States adopting it and it has been enacted by at least forty-three States of the Union. In these States it has superseded all pre-existing contradictory rules."

Since the Negotiable Instruments Law was prepared to establish uniformity in the law as to negotiable instruments, in our opinion it conduces to that result to construe §§ 24 and 28 in accord with their apparently expressed meaning.

There is no error.

In this opinion the other judges concurred.