IRVIN N. IVES ET AL. *v.* THE NEW YORK, NEW HAVEN
AND HARTFORD RAILROAD COMPANY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and QUINLAN, JS.

Argued December 6, 1951—decided January 15, 1952

*Charles G. Albom,* with whom, on the brief, was
*Nelson Harris,* for the appellants (plaintiffs).

*Thomas J. O'Sullivan,* with whom, on the brief, was
*Edwin H. Hall,* for the appellee (defendant).

BROWN, C. J.   In this action, the plaintiff William P.
Reiske sued to recover for personal injuries and dam-
age to his automobile, sustained when a locomotive of
the defendant collided with his car on a grade cross-
ing in Danbury.   The other three plaintiffs, who were
passengers in the automobile, joined in the action,
claiming damages for personal injuries suffered by
them in the accident.   The court determined the case
pursuant to the parties' stipulation that it could do
so upon the transcript of testimony taken at an earlier

trial before another judge and upon the exhibits then received, supplemented by its own view of the locus. The court rendered judgment for the defendant and the plaintiffs have appealed.

We summarize the material facts found, including the single minor correction to which the plaintiffs are entitled. A short distance south of the defendant's passenger station in Danbury there is a private crossing over the tracks, the two sets of rails of which extend in a northerly and southerly direction. This crossing connects Canal Street on the west with land of the defendant east of the tracks. There is considerable vehicular traffic over the crossing during the daytime. The distance between the two outside rails is about twenty feet. At about 7:07 p. m. on December 31, 1947, a four-car passenger train of the defendant drawn by an electric locomotive was approaching the crossing from the south on the westerly track. Reiske, hereinafter called the plaintiff, was a locomotive fireman for the defendant and was familiar with the crossing. He had concluded his day's work and was driving his sedan, with the other plaintiffs as passengers, out of the railroad property by way of the Canal Street crossing. It was a clear night. The glass in the front portion of the car window at the left of the driver was out. There was four or five inches of snow on the roadway. The headlights of the car were lighted and both rear wheels were equipped with chains. The route paralleled the tracks and then led up a slight incline to the crossing at a point where the tracks make a wide curve to the east. There was no other traffic on or approaching the crossing as the plaintiff drove towards it. He did not stop his car before driving over the crossing. He did proceed slowly, however, in approaching it, and further slowed his car momentarily just before proceeding onto it.

Meantime the defendant's train was approaching the crossing from the south. The headlight of the locomotive was brightly lighted and the passenger cars were lighted. Through the right and left front windows of the locomotive the engineer and fireman, respectively, had an unobstructed view ahead. Four blasts of the locomotive whistle were sounded at McCarthy's crossing, 300 feet south of the Canal Street crossing, and from that point on the locomotive bell was continuously sounded. The locomotive fireman first saw the plaintiff's car from a point approximately 100 feet south of the Canal Street crossing. The engineer first saw it when he was fifty to seventy-five feet south of the crossing. At that time the car was approaching the crossing. Before seeing the car, the engineer had slowed the train down by a ten-pound application of the brakes and then by a further five-pound application in preparation for the stop at the Danbury station. When he first saw the car, the train was going approximately twenty miles an hour and was slowing down. When the locomotive was approximately thirty-five to forty feet south of the point of impact, the automobile started over the crossing. The locomotive was then proceeding at ten miles per hour. The engineer immediately applied the emergency brake and the sanding device. The locomotive struck the middle of the left side of the automobile and pushed it sideways about thirty-five feet, where it came to rest in a snow bank at the south end of the station platform.

The court concluded that the speed of the train was reasonable under the circumstances, that the engineer and fireman maintained a proper lookout, that the former gave sufficient warning and had the train under proper control as it approached the crossing, and that there was no negligence in any respect on the part of the

defendant with relation to the plaintiffs. It accordingly rendered judgment for the defendant. The defendant was under a duty to exercise reasonable care towards the plaintiffs in their use of this private crossing. *Pomponio* v. *New York, N. H. & H. R. Co.*, 66 Conn. 528, 541, 34 A. 491; *Ulrich* v. *New York, N. H. & H. R. Co.*, 98 Conn. 567, 569, 119 A. 890. Since the plaintiffs, as indicated, are entitled to no material correction of the finding, the sole question is whether it can be held as a matter of law that the engineer was negligent in failing instantly to apply his emergency brake at the time he first saw the automobile, when he was from fifty to seventy-five feet from the crossing, instead of delaying its application, as he did, until he was within from thirty-five to forty feet of the point of impact. We cannot so hold, since under all of the circumstances, including the fact that the driver of the slowly approaching automobile still further checked its speed just before driving it forward onto the crossing, the engineer might reasonably have inferred that it was about to come to a full stop to let the train pass. *Dyson* v. *New York & N. E. R. Co.*, 57 Conn. 9, 23, 17 A. 137.

There is no error.

In this opinion the other judges concurred.