[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PREJUDGMENT REMEDY
Plaintiff brings this action for collection of a promissory note and here seeks a prejudgment remedy of attachment of real property.
Facts for Probable Cause
While in Florida, the defendants signed a promissory note for $500,000.00 payable to plaintiff on or about February 1, 1990, and sent it to plaintiff in Hartford. On February 22, 1990, plaintiff "accepted" the note and by a bookkeeping transaction credited defendants' account in plaintiff's bank. The court does not know how many minutes or hours the credit existed in that account but by the end of the day on February 22, 1990, the $500,000.00 credit was gone. Plaintiff had paid the money it had credited to defendants' account to a third CT Page 8138 party.
Plaintiff says in its memorandum of July 20, 1992, page 2-3, "when the process of posting the credit to the Morrisseys' account was complete [sic] by Connecticut National Bank and the Morrisseys could have withdrawn the funds from their account." There was no evidence offered to support that statement. We do not know if the credit existed for seconds or a full eight hour day. Obviously, an honest person cannot and will not withdraw funds against a credit that he does not know about. In addition, of course, the defendants could not have ever withdrawn funds from that account against that credit or "item" until "the opening of the bank's next banking day." Conn. Gen. Stat. 42a-4-213(5). By then the full $500,000.00 was gone.
Very strong evidence was presented and accepted by the court that substantiates the defendants' claim that the note was not to be "activated" until some particular event occurred. This is shown by the fact that at the plaintiff's request the defendants did not date the note when they signed thus allowing time for the particular event to occur, after which the note would be dated.
However, there was evidence that defendant Gerard Morrissey did authorize the plaintiff to pay the $500,000.00 to a third party. This was contested but for probable cause purposes the court accepted it.
Law
When defendants signed the note it was conditioned on plaintiff's promise to pay $500,000.00 to or for the benefit of defendants. The note is a negotiable instrument, Conn. Gen. Stat. 42a-3-104 and 105, and because defendants claim a failure of consideration for this note they have the burden of proof on that issue. Kessler v. Valerio, 102 Conn. 620.
This court in a hearing on an application for a prejudgment remedy is not interested in the adequacy of the consideration. But to support any contract there must be some consideration, even if but the beloved peppercorn of law school. Failure of consideration is one of those "good defense[s], such as infancy or the running of the statute of limitations" which can be enough to show that there is no probable cause. Augeri v. C. F. Wooding Co., 173 Conn. 426, 429.
In view of the fact that plaintiff produced evidence that defendants authorized the disbursement of the $500,000.00 defendants have not sustained their burden of CT Page 8139 proof in regard to failure of consideration.
There is no violation of due process. A full hearing was had.
Prejudgment remedy is granted in the amount of $570,000.00.
NORRIS L. O'NEILL JUDGE, SUPERIOR COURT