[No. 6771.   Decided August 17, 1907.]

JOHNSON COUNTY SAVINGS BANK, *Appellant*, v. VICTOR A. RAPP *et al.*, *Respondents*.[1]

BILLS AND NOTES—TRANSFERS—BONA FIDE PURCHASER—EVIDENCE —SUFFICIENCY. In an action to recover on drafts, plaintiff claiming to be a purchaser without notice of failure of consideration by reason of fraud in the sale of jewelry for which the drafts were payment, there is sufficient evidence to sustain a verdict for defendants, where it appears that the goods were worthless, the sale fraudulent, and little better than obtaining money under false pretenses; that the president of the plaintiff, a bank at the home of the vendor, knew of the nature of the business, had purchased many similar drafts and had much litigation over the same by reason of failure of consideration, and his testimony leaves doubt as to whether there was any actual purchase of the drafts by the bank.

EVIDENCE — PAROL — SALES — FAILURE OF CONSIDERATION. In an action upon drafts given in payment of the purchase price of goods on a sale evidenced by an obscure order taken by a traveling salesman, evidence of the representations made by the salesman in making the sale is admissible upon an issue as to failure of consideration and fraud.

BILLS AND NOTES — BONA FIDE PURCHASER — EVIDENCE — SIMILAR TRANSACTIONS. Upon an issue as to whether a bank was a *bona fide* purchaser of a draft taken from one of its customers on a fraudulent sale of goods, evidence as to similar transactions with the bank, resulting in like litigation, is admissible to show the knowledge of the bank as to the character of the paper.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered October 30, 1906, upon the verdict of a jury rendered in favor of the defendants, in an action by the purchaser of drafts to enforce payment against the drawees. Affirmed.

*A. E. Russell*, for appellant.

*Danson & Williams*, for respondents.

FULLERTON, J.—The appellant is a banking corporation doing business at Iowa City, in the state of Iowa. The re-

[1]Reported in 91 Pac. 382.

spondents are merchants doing business in this state. In the summer of 1904 the Puritan Manufacturing Company of Iowa City, Iowa, contracted to sell and deliver to the respondents certain jewelry, at the agreed price of $254, to be paid for in four quarterly payments of $63.25 each, "if the purchaser gives his four acceptances, each for one quarter of the amount, to close the account, within ten days from the date of delivery; otherwise terms are net cash 15 days, 6 per cent discount cash 10 days." The sale was made by the Puritan Manufacturing Company's traveling salesman. On the receipt of the order given the salesman by the respondents, the jewelry company shipped them certain jewelry, and at the same time drew upon them four drafts payable according to the terms of the contract of sale above quoted. These the respondents accepted on August 3, 1904. On September 30 thereafter, the Puritan Manufacturing Company endorsed them and delivered them to the appellant. The drafts were not paid at maturity, and this action was brought to recover thereon. The respondents defended on the ground that the jewelry shipped them was not as warranted by the jewelry company, and was utterly worthless for any purposes for which they could use it, and that there was for that reason no consideration for the drafts. The appellant claimed to be a purchaser of the paper for value, before maturity, and without notice of any defect therein. On these issues a trial was had to a jury, resulting in a verdict and judgment for the respondents.

It is first assigned that the court erred in refusing to sustain the appellant's challenge to the sufficiency of the evidence; it being contended that the respondent's evidence was insufficient to constitute a defense. But we think the court properly submitted the matter to the jury. On the question of the value of the goods, the respondents testified that they were not as represented, and that all they were able to sell of them were returned by the purchasers after a short time because of their inferior quality; and other witnesses, called as experts in the

jewelry line, testified that the goods were worthless for the purposes of legitimate trade. On the question of the knowledge of the appellant of this failure of consideration, the evidence is not so direct, still we think it sufficient to sustain the verdict. While it is true the president of the appellant bank did testify, in his examination in chief, that the bank purchased the drafts after they had been duly accepted by the respondents, without notice or knowledge on his part of any defects therein, yet on cross-examination he admitted that he knew the character of the business the drawer of the drafts was engaged in, that the bank had purchased large quantities of their paper, and had had a number of lawsuits over it where the defense was failure of consideration. His evidence, moreover, leaves a doubt whether there was any actual purchase of the paper—whether the pretended purchase was not rather a scheme to aid the seller of the goods than an engagement in ordinary trade. When, in connection with this, it is remembered that the business of the seller was hardly legitimate—that it was in fact little better than obtaining money by false pretenses—it is rather too much to say there is no evidence from which the jury could rightfully draw the conclusion that the bank official did not testify truthfully in his direct statement. The evidence was sufficient to go to the jury and the challenge was properly denied.

It is next assigned that the court erred in admitting, over the objection of the appellant, evidence relating to the representations of the traveling salesman of the Puritan Manufacturing Company. But this was a necessary part of the respondent's case. They were obligated to show the condition on which they purchased the goods in order to show a failure of consideration. This evidence was directly in point for that purpose. The written order which the appellant urges represents the entire contract was at best obscure, and subject to interpretation. The interpretation put thereon by the salesman to induce a sale could be properly put in evidence to show a failure of consideration.

The testimony of the witness Hoyt as to a similar transaction with the appellant bank was admissible as tending to show knowledge on the part of the bank of the character of the paper they were purchasing from the Puritan Manufacturing Company.

The judgment appealed from is affirmed.

HADLEY, C. J., MOUNT, and CROW, JJ., concur.