THE FIRST NATIONAL BANK OF IOWA CITY vs. HENRY BRENNER.

Third Judicial District, New Haven, January Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A charge which recites and presents for the consideration of the jury, as proven, certain material facts of which there is no evidence, is erroneous and misleading.

Submitted on briefs January 19th—decided April 14th, 1909.

ACTION by the indorsee of three bills of exchange against the acceptor, brought to the District Court of Waterbury and tried to the jury before *Peck, Acting-Judge;* verdict

and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

*John J. O'Neill,* for the appellant (plaintiff).

*Lucien F. Burpee* and *Terrence F. Carmody,* for the appellee (defendant).

RORABACK, J.   This was an action brought to recover on three bills of exchange drawn by the Lyon-Taylor Company of Iowa City, Iowa, on the defendant at Waterbury, and accepted by him.

All of these written instruments had been indorsed to the plaintiff by the Lyon-Taylor Company before this action was commenced.   The defendant paid the first bill when it became due, but refused to pay the others because he claimed that they had been obtained from him by false statements of the Lyon-Taylor Company as to the quality of certain articles of jewelry for which the bills in question were accepted, of which the plaintiff had knowledge.

The bank contended that it was the bona fide holder of the contested bills, and that the defense of fraud was not open to the defendant.

The trial of this action began immediately after the rendition of the verdict in the case of the *Johnson County Savings Bank* v. *Walker, ante,* p. 24, before the same judge, and the same jury with the exception of one or two members.

In the Walker case, Mr. Fry, vice-president of the Johnson County Savings Bank, testified, among other things, that the plaintiff bank acquired obligations of a character similar to those in question in that case, amounting in all to \$7,500, at 80% of their face value, with the understanding that if they were all collected the balance, after paying costs of litigation and 7%, should be paid the Puritan Manufacturing Company, and that all the bills which were

not collected should be turned back to that Company; that the bank made no attempt to collect any of these obligations from the Puritan Company, although in the ordinary course of business the bank should have charged all of these bills which were not paid back against the party for whom they had discounted them, and collected them if they could; that the Puritan Company notified the acceptors of the paper at the time when these bills became due, and also made collections of them. In that case evidence was also offered showing that, in the usual course of banking business, it was customary for the bank to look for payment to the party (the indorser) who brought the paper to the bank for discount.

In the present case against Brenner, Mr. Fry, vice-president of the Johnson County Savings Bank, did not testify, but Mr. Lovell Swisher, cashier of the Iowa Bank, gave his evidence in a deposition. He and Maurice H. Taylor, assistant business manager of the Lyon-Taylor Company, were the only witnesses who testified concerning the purchase and sale of the bills for the recovery of which this action was brought. Neither of these witnesses testified, nor was there any evidence offered, as to any of the facts which Mr. Fry testified to in his cross-examination in the Walker case, except only that the Iowa City bank purchased these drafts at 80% of their face value. No evidence was offered, as in the Walker case, about any custom on the part of banks to look for collection to the one who got the paper discounted in the first instance. The court in its charge to the jury said: "But perhaps in this case, as in the other case, the bank did not finally buy the notes, so as to be under no further obligation to the Lyon-Taylor Company under them, but advanced eighty per cent on them, or agreed after collection was made, or after costs and expenses were paid, to turn back the remainder to the Lyon-Taylor Company. The fact that they took a large number of these claims, the fact that they introduced

no evidence of having tried to collect them from the Lyon-Taylor Company, the fact that the discount they gave upon them was large, and particularly the fact of this arrangement for paying to the Lyon-Taylor Company some amount, if they should collect the notes, are all circumstances surrounding the transaction, and throwing some degree of light on the relations between the Lyon-Taylor Company and the First National Bank."

The court recited these facts in its charge as though they had been testified to, and in substance said to the jury that they might infer from these facts, which had not been proven, that there was collusion between the Lyon-Taylor Company and the bank. In other words, these instructions assumed facts as proven, of which there was no evidence, which materially strengthened the defendant's claim in the turning point of the case, by giving the jury to understand that the nature of the plaintiff's relations and dealings with the Lyon-Taylor Company had been such as to give rise to the presumption that the bank had knowledge of facts impeaching the transaction in which these bills of exchange had been accepted by the defendant. This was error. *Johnson County Savings Bank* v. *Walker,* 79 Conn. 348, 351, 65 Atl. 132; *Ward* v. *United States,* 14 Wall. (U. S.) 28.

It is unnecessary to consider any of the other errors assigned, as they are substantially the same as are disposed of by this court in the case of *Johnson County Savings Bank* v. *Walker, ante,* p. 24.

There is error and a new trial is ordered.

In this opinion the other judges concurred.