THE JOHNSON COUNTY SAVINGS BANK *vs.* ALICE C. WALKER.

Third Judicial District, New Haven, January Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

The trial court may well refuse to instruct the jury respecting a defense which has been eliminated from the case.

An appellant has no cause for complaint if the substance of the instructions requested by him are given to the jury.

The fact that the drawer of drafts and the bank which discounted them are located in the same town in another State is a circumstance tending to show that the latter had an opportunity to obtain knowledge of the facts relied upon by the acceptor to impeach their validity.

A request is objectionable which seeks to give undue prominence and weight to certain testimony and ignores other evidence of importance in the determination of the proposition involved in the request.

The arrangement between the drawer of drafts and the bank which acquired them and other like obligations, is relevant evidence upon the question of whether the bank was a holder in good faith and in the regular course of business.

In the present case it appeared that the plaintiff bank, instead of looking to the drawer and indorser of the drafts who had brought them to the bank for discount, was attempting to collect them from the defendant acceptor in another State. *Held* that evidence that this was contrary to the customary methods of banking was admissible as tending to show an understanding and co-operation between the plaintiff and the drawer of the drafts in the matter of their collection.

Submitted on briefs January 19th—decided April 14th, 1909.

ACTION by the indorsee against the acceptor of four bills of exchange, brought to the District Court of Waterbury and tried to the jury before *Peck, Acting-Judge;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

*John J. O'Neill,* for the appellant (plaintiff).

*Lucien F. Burpee* and *Terrence F. Carmody*, for the appellee (defendant).

RORABACK, J. This cause, on two former trials (79 Conn. 348, 65 Atl. 132, and 80 Conn. 509, 69 Atl. 15), resulted in judgments for the defendant in the District Court of Waterbury.

The bills in question were drawn in favor of an Iowa manufacturing corporation, which had indorsed them to the plaintiff, an Iowa banking corporation. The defendant set up in her answer that the acceptances were procured by fraud, and that the plaintiff had notice of this when it acquired title, and that it paid no consideration for them. These averments were denied by the reply.

The reasons of appeal question the refusal of the court to charge as requested, its charge as given, and rulings upon the admission of evidence.

The plaintiff claimed to have proved that the Puritan Manufacturing Company of Iowa, soliciting in this State through an agent, obtained from the defendant an order for various articles of jewelry, valued at $200, to be "delivered free on board transportation companies" in Iowa, and paid by accepted drafts at three, six, nine and twelve months; that the goods were delivered in compliance with the order, and the four drafts in suit, drawn by the Company, were accepted by the defendant in payment; and that before the bills became due they were negotiated by the Company to the plaintiff, who gave adequate consideration therefor and took them in good faith and without notice or knowledge of any infirmity in them.

The defendant claimed and offered evidence to show that these bills were obtained in a fraudulent manner, and that the plaintiff received them with knowledge of the fraud.

The plaintiff had no right to have the jury instructed as to a defense based upon the provisions of § 1381 of the General Statutes, as suggested in its first and eighth re-

quests to charge. The defense as to the illegality of the sales of the jewelry in question, under the provisions of this statute, was entirely eliminated from the case.

The second, third, fourth, fifth and ninth requests to charge, relating to the absence of fraud, the plaintiff's knowledge of the alleged fraud, the purchase by the plaintiff of the bills in question, before due, in good faith and in the usual course of business, were fully complied with when the court stated to the jury that "these drafts are what is called commercial paper or negotiable paper, and the very essence of such paper is that in the hands of a bona fide holder who takes it in good faith for value before maturity it is collectible against the maker and the indorser, whatever fraud may have existed, or whatever defense there may be as between the original parties. Our whole system of banking, our whole system of business credit, depends very largely indeed upon the peculiar qualities attaching to negotiable paper, by which such paper bought and paid for in good faith is good security in the hands of the person acquiring it, without regard to the questions that may have existed between the original owners.

" Our Negotiable Instruments Act defines the law in this way: ' A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon.' " General Statutes, § 4227.

The plaintiff cannot complain because the court failed to instruct the jury, as requested, that "the fact that the Puritan Manufacturing Company and this bank are located in the same town in Iowa is no evidence whatever that this bank knew that the Puritan Manufacturing Company's agent made false statements at the time these notes were executed."

Although remote, yet the court properly noticed this

circumstance as tending to show that the plaintiff had an opportunity to obtain knowledge of the facts which the defendant claimed impeached the validity of the instruments in suit.

The seventh request to charge was objectionable, in that it asked the court to give undue prominence and weight to the testimony of two of the plaintiff's witnesses, and ignored other facts proven of importance for a proper determination, of the proposition involved in this request.

Among other witnesses testifying for the plaintiff was one William A. Fry, cashier for the plaintiff bank, who, upon direct examination, stated that these bills were purchased by the plaintiff in good faith and without any knowledge of fraud attaching to them. From his cross-examination it appeared that the plaintiff bank acquired these and other obligations of a similar character, amounting in all to $7,500, at 80% of their face value, with the understanding that if they were all collected, the balance, after paying the costs of litigation and 7%, should be paid to the Puritan Company, and that all the bills which were not collected should be turned back to that company; that the bank made no attempt to collect any of these obligations from the company, although in the ordinary course of business the bank should have charged all of these bills which were not paid back against the party for whom they had discounted, and collected them from that party if they could; that the Puritan Manufacturing Company notified the acceptors of the paper at the time when these bills became due, and also made collections of them.

The plaintiff had no right to demand that the court should instruct the jury that none of these facts elicited in this cross-examination were relevant or of any importance in passing upon the question of bad faith. Bad faith is predicated upon a variety of circumstances, some of them slight and others of more significance. *Dutchess County M. I. Co.* v. *Hachfield,* 73 N. Y. 226, 228.

In this connection the court instructed the jury that "all of these facts appearing in the cross-examination [of Mr. Fry], are to be taken into consideration by you on the question of fraud, on the question of good faith or bad faith; it is always necessary for the jury to consider the evidence reasonably and from all the surrounding circumstances; take into consideration the direct evidence of Mr. Fry and Mr. Taylor, which I have read to you; take into consideration also the facts testified to by Mr. Fry in his cross-examination, and upon the entire evidence in the case say whether the plaintiff has satisfied you by a fair preponderance of the evidence that it is a bona fide holder of the paper for value in the due course of business."

This evidence was properly admitted without objection upon the part of the plaintiff. Its weight and sufficiency were questions properly submitted to the jury, to be passed upon by them in connection with the other facts appearing in evidence. Adopting the plaintiff's suggestions would have been a clear invasion of the province of the jury.

It appeared that the plaintiff was attempting to collect the contested paper from a party in Connecticut, when no effort had been made to obtain payment from the party discounting the paper at its bank, who resided in the same town in Iowa. In this connection an expert witness was called for the defendant, who testified that in the usual course of banking business it was customary for a bank to look for payment to the party (the indorser) who brought the paper to the bank for discount. This evidence was admissible as tending to show that there was an understanding and a co-operation between the plaintiff and the Puritan Manufacturing Company in the collection of these securities.

The trial judge instructed the jury fully and correctly as to the rights of a bona fide holder who takes negotiable paper in due course before maturity, in relation to the different provisions of our Negotiable Instruments Act

and its application to the facts of the case on trial; the question of fraud and the necessity of notice of such an infirmity when negotiable paper has been obtained by. a third party before maturity; the burden of proof, its application to the different issues, and the parties upon whom it rested. He fairly stated the claims of the plaintiff and defendant, and the legitimate evidence somewhat in detail. The judge embraced in his charge all the propositions of law proper for the consideration of the jury which were referred to by the plaintiff in its request to charge. The instructions properly enumerated the elements to be considered in estimating the damages.

The views we have just expressed answer one of the principal grounds of the plaintiff's complaint, that the charge was not correct, adapted to the issues, and sufficient for the guidance of the jury.

There is no error.

In this opinion the other judges concurred.