JOHNSTON COUNTY SAVINGS BANK v. C. C. CHASE.

(Filed 6 October, 1909.)

**1. Evidence—Competent in Part—Objections and Exceptions.**

When a part of the testimony of a witness is competent and relevant, an objection to his entire testimony will not be sustained.

**2. Negotiable Instruments—Fraud—Purchaser With Notice—Agent's Declarations—Evidence.**

On the defense of an action brought upon an acceptance given by defendant and assigned by the drawer to the plaintiff, when it is alleged in the answer that they were given for certain jewelry bought by defendant of the drawer upon the false and fraudulent representations of the agent of the latter and assigned to plaintiff with notice of the fraud, it is not reversible error to show the alleged fraudulent statements of the agent at the time of the negotiations. The evidence would be harmless if it is found that the plaintiff was a purchaser without notice, and, if otherwise, the agent's statements would bind the plaintiff.

**3. Same—Principal and Agent—President.**

Upon the question of whether a bank purchased an accepted draft with notice of fraud on the part of the drawer in obtaining it, it is competent to show by the bank president, who was active in the transaction, that the bank purchased with notice of the fraud, leaving the question an open one for the jury, when the evidence is conflicting, under proper instructions from the court.

**4. Instruction Entire—Verdict Directing—Evidence Conflicting.**

A requested instruction directing the jury to answer each of several issues in a certain manner, if they believed the evidence, is not correct when there is conflicting evidence as to one or more of them. The instruction being asked in its entirety every substantial and integral part must be correct in law.

APPEAL by plaintiff from *O. H. Allen, J.,* March Term, 1909, of MARTIN, in an action originating in a court of a justice of the peace.

*Martin & Critcher* for plaintiff.
*H. W. Stubbs* for defendant.

WALKER, J. This action was brought for the recovery of $125, alleged to be due on two drafts which were drawn by the Puritan Manufacturing Company upon C. C. Chase, trading as the "Chase Drug Store," accepted by the latter and endorsed to the plaintiff. The court, without objection by the parties, submitted issues to the jury, which, with the answers thereto, are as follows:

1. "Did the Puritan Manufacturing Company represent and guarantee to defendant that the goods were of such quality and kind as described in the pleadings?" Answer: "Yes."

2. "Were the representations and warranties false and fraudulent, as set forth in the pleadings?" Answer: "Yes."

3. "Did the plaintiff purchase the said paper writing before maturity, in good faith, for value and without notice of said alleged fraud?" Answer: "No."

The defendant, as will appear from the pleadings and issues, averred that the drafts were given by him in the purchase of

certain articles of jewelry from the Puritan Manufacturing Company, which he bought to resell, and that the said manufacturing company, by its agent who sold the jewelry, made false and fraudulent representations as to the quality and value of the same, and also stated that the defendant could safely sell the jewelry with a guaranty as to its good quality. The defendant further alleged that the jewelry "began to tarnish" and "the plating dropped off," so that he was unable to sell the same. Several contracts of sales were made, but the goods were returned as being valueless. It was still further alleged that the jewelry became useless to him.

The defendant proved by one Leslie Fowden the conversation between C. C. Chase and the salesman of the defendant at the time the jewelry was bought. This evidence was objected to by the plaintiff, but admitted by the court. The objection was addressed to the entire testimony of the witness Fowden, some of which was clearly competent and relevant to the issues, and for this reason was properly overruled, even if the other portion of the testimony was incompetent. *State v. Ledford,* 133 N. C., 714, and cases cited.

But we think all of the material testimony of the witness was competent. How could the false and fraudulent representations of the Puritan Manufacturing Company be otherwise established than by the statements of its agent to the defendant at the time he was negotiating with him for a sale of the goods? It was the primary and best evidence that could be offered for that purpose, and certainly was competent, even against the plaintiff, to prove what was the contract of sale. If the plaintiff purchased the drafts in due course without notice of the fraud, it acquired a good title to it, notwithstanding the fraud, and the testimony of Fowden would in that event be harmless. If it received the drafts as endorsee, with notice of the fraud, the result would be otherwise.

The defendant introduced in evidence the deposition of W. H. Fry to prove that the plaintiff did not pay value for the drafts and took with them notice of the fraud, but we do not think any one of the objections are tenable, and, besides, the testimony of the witness would seem to be practically harmless. It is not necessary to consider the objections *seriatim.* It may be said, generally, that it was competent to prove by W. H. Fry the nature of the transactions between the plaintiff bank, he being its president, and the Puritan Manufacturing Company, relating to the purchase of the drafts. Fry had knowledge of their dealings and, indeed, represented the bank actively in the same. Whether, upon the whole evidence, the bank paid value for the

drafts or had notice of the fraud was an open question for the jury to decide, under proper instructions of the court.

The plaintiff, in apt time, requested the court to charge the jury that, if thy believed all the evidence in the case, they should answer the first issue "No," the second issue "No," and the third issue "Yes." The court refused to give the charge, and the plaintiff excepted. The instruction was properly refused. It was asked to be given in its entirety, and every substantial and integral part of it must be correct in law. *Bost v. Bost,* 87 N. C., 477; *Ins. Co. v. Sea,* 21 Wallace, 158; *State v. Ledford, supra.* There was evidence for the jury to consider as to the false and fraudulent representations, and, therefore, it would have been error to instruct the jury to answer the first and second issues "No." The court could not direct such a finding in the very teeth of evidence strongly tending to establish the fraud. The instruction not being correct as a whole, the judge committed no error in declining to submit it to the jury, even if it was correct as to the third issue.

We have examined the record carefully and have been unable to discover any reason for setting aside the judgment of the court and ordering a new trial.

No error.