[No. 6649.]

## JOHNSON COUNTY SAVINGS BANK v. GREGG.

1. NEGOTIABLE PAPER—*Endorsee Without Consideration—Defenses*—In an action upon an accepted bill of exchange, by endorsee, an answer showing fraud of the drawer and payee, in procuring the acceptance, and that the endorsee is not a holder in good faith, but a mere agent or representative of the drawer, lending its name to assist in the consummation of the fraud, states a defense—(362).

2. EVIDENCE—*Burden of Proof*—Under Rev. Stat. sec. 4518, the drawer and payee of an acceptance obtained by his fraud, acquires no title, and under Rev. Stat. sec. 4522, the burden is upon the endorsee to show that he acquired the paper before maturity, in good faith, and for value—(362).

3. ——*Competency*—In an action upon a bill of exchange given for goods sold, the plaintiff being an endorsee, and fraud in procuring the acceptance and that plaintiff is a mere agent and representative of the payee, being pleaded, false representation of the drawer's agent inducing the sale are admissible—(363).

All the details of the transaction may be put in evidence as pertinent to the allegation of fraud—(363).

4. CONTRACT—*Rescission*—Merchant sued upon a bill of exchange given for goods which he was induced to purchase, by false representations, offers to allow judgment for the return of the goods remaining unsold, and for the amount obtained by the sale of such part of the goods as has been sold. *Held*, a sufficient recission—(363).

*Error to Boulder District Court*—HON. JAMES E. GARRIGUES, Judge.

Mr. CHARLES M. CAMPBELL for plaintiff in error.

Mr. RICHARD H. WHITELEY for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

On June 15th, 1904, at Ward, Colorado, the defendant in error made and delivered to The Puritan Manufacturing Company (an Iowa corporation) his written acceptance of a certain order, a copy of which is as follows:

"Customer's Acceptance.   Accepted.   Chas. G. Gregg.
   Customer's Signature.
Puritan Mfg. Company.                     No. 3841.

Iowa City, Ia., June 15, 1904.
Thirteen months after date .... pay to Puritan Mfg. Company or order three hundred and eighty dollars, $380.00.   Value received and charge to ac-

count of Puritan Mfg. Company.   Per CLV.
To Chas. G. Gregg, Ward, Colo."

About September the 6th, 1904, it appears this order was, by The Puritan Manufacturing Company, endorsed and delivered to the plaintiff in error; upon its non-payment this action was brought to recover the amount. The answer of the defendant denied that the plaintiff was the owner of the instrument, or that it had been transferred and delivered to the plaintift in the ordinary course of business or for a valuable consideration. It further alleged fraud in the securance of the acceptance upon behalf of The Puritan Manufacturing Company and sets forth, that the plaintiff was, in reality, a collecting agency for the manufacturing company; that it was advised of all facts pertaining to said matter prior to the alleged transfer; that the consideration for said acceptance was certain merchandise received under the warranty of The Puritan Manufacturing Company with a guaranty for a period of five years, with the further agreement that the paper of the defendant should not be negotiated, but would be held, so that it could be returned or cancelled, as per certain agreements between the parties, and many other defenses not necessary to mention, with the further statement that the defendant had made sales of $20.05 of the goods so purchased and he offered that judgment might be taken against him for this amount and for the return of the balance of the merchandise remaining unsold. Trial was to the court, which found, that the defendant executed the acceptance in question; that The Puritan Manufacturing Company of Iowa City, Iowa, is a fraudulent institution engaged in illegitimate business; that its promoters or proprietors are engaged in fraudulent transactions as a business; that they intentionally deceive the public with their goods; that the name Puritan is a misnomer; that their agent, who sold the goods to

the defendant for which the acceptance was executed, came here for the purpose of deceiving and defrauding him; that the company sent him out for that purpose; that the goods were worthless, of no account whatever; that the whole transaction was based upon an intentional wrong; that it was not only a fraudulent transaction, but the consideration had failed upon which the instrument was based; that the Johnson County Savings Bank, plaintiff in error, was not the holder of said note in due course of business; that the transaction was more in the nature of using the bank as a collecting agency for the purpose of aiding The Puritan Manufacturing Company in the collection of its paper; that The Puritan Manufacturing Company intended to deceive the defendant by selling him false goods, or worthless goods, and taking his note payable at a future time and to evade the law by appearing to place the note in the hands of an innocent purchaser, so the defendant could not set up a defense; that the bank, the plaintiff in error, was willing to lend its assistance to the company; that it did not in fact buy the notes, but took them colorably as a purchaser, but legally in the nature of a collection; that the bank was not a holder in due course of trade. The judgment was against the defendant in the sum of $20.05 and for the return to the plaintiff of the goods unsold; the plaintiff prosecutes this writ of error.

The plaintiff in error has assigned twenty-seven alleged errors for our consideration. These may be grouped into three divisions. The first considered pertains to the sufficiency of the evidence to sustain the findings and the judgment. Without going into the history and making an analysis of the evidence, we think it sufficient to sustain the findings of the trial court. In this respect, we find that the supreme court of the state of Iowa (the resident state of the plaintiff) and that of other states where this same company

has been making similar contentions, all appear to take the same view as the trial court did in this case.— *Puritan Mfg. Co. v. Emporium,* 130 Iowa 526; *Puritan Mfg. Co. v. Renaker,* 106 S. W. (Ky.) 813; *Puritan Mfg. Co. v. Westermire,* 47 Oregon 557; *Puritan Mfg. Co. v. Bouteiller et al.,* 79 Conn. 255.

The second group of assignments pertains to the pleadings in which it is claimed the court erred in denying plaintiff's motion to strike the defendant's answer and in overruling its demurrer thereto. We find no merit in these contentions. The answer alleges facts of fraud in securing the order in the first instance. It further alleges the assignee's knowledge of these facts. It also denies that the plaintiff was an innocent purchaser for value in due course of trade before maturity or at all, and sets forth, in substance, that it was a party to this fraud. We think the answer states a good defense.

The third contention pertains to the admission of evidence and the burden of proof. This can be divided into two sub-divisions. The first refers to who has the burden of proof in showing that the plaintiff became the purchaser for value without notice.

In the case at bar we think the evidence sufficient to establish that the acceptance to the order was obtained through fraud and by false representations, hence void in the hands of the Puritan Manufacturing Company; under Section 4518, Rev. St. 1908, its title was therefore defective. Under Section 4522, Rev. St. 1908, the burden of proof was then upon the plaintiff to show that it was a bona fide holder and that it took the paper before maturity, in good faith and for value. —*Stouffer v. Fletcher,* 146 Mich. 341; *Stouffer v. Clark,* 146 Mich. 345; *Horrigan v. Wyman,* 90 Mich. 121; *Cox v. Cline et al.,* 117 N. W. (Iowa) 48.

Besides, the preponderance of the evidence, if anything, was to the effect that the plaintiff was not in

fact the owner of this instrument, but that it was still owned by The Puritan Manufacturing Company.

We find no error in the admission of the evidence relating to the representations of the traveling salesman of The Puritan Manufacturing Company. Under the allegations of the defendant's answer, this was a necessary part of his case.—*Johnson County Savings Bank v. Rapp.,* 47 Wash. 30.

Neither do we find the evidence, pertaining to the character of the goods alleged to have been sold, objectionable; nor was the evidence of the details pertaining to the transaction between the defendant and The Puritan Manufacturing Company objectionable. This was all pertinent when applied to the question of the fraud which the defendant alleged had been perpetrated. Some slight evidence may have been admitted, which, technically speaking, was incompetent, but we find none which, in our opinion, worked any prejudice against the rights of the plaintiff in error.

Where the buyer, as in this case, was defrauded in the sale, his offer to allow judgment to be taken against him for the amount of the goods sold and for the return of those unsold (having made a tender of the same) operates as a sufficient rescission of the contract, when it was obtained through fraud. We find no error in this respect.—*Lyon v. Lindblad,* 145 Mich. 588; *Lyon v. Ives,* 148 Mich. 352; *Cox v. Cline et al.,* 117 N. W. (Iowa) 48.

Perceiving no prejudicial error, the judgment will be affirmed.

*Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE MUSSER concur.