[No. 7903.]

THE FIRST NATIONAL BANK OF IOWA CITY v. SMITH.

1. PLEADINGS DE NOVO—*In District Court upon Appeal from County Court*—Defendant demurred to a complaint in the county court; demurrer overruled; defendant elected to stand on demurrer.

Judgment entered against defendant who appealed to the district court, where he filed an answer. *Held*, that under section 1539, R. S. 1908, the proceedings in the district court are *de novo*, and it is entirely within the discretion of the court to permit any amendment of or the filing of new pleadings.*

2. JURORS—*Grounds of Challenge for Cause*—That the defendant is the family physician to one called as a juror, is not a disqualification, and it is within the discretion of the court to deny a challenge on this ground.*

3. EVIDENCE—*False Representation by a Traveling Salesman*—False representations of a traveling salesman as to the wares which he sells, are admissible in evidence where suit is on a contract and promissory note procured by him, and the defense is want of consideration for the reason that the goods were worthless, and the note and contract were executed by defendant in reliance on such false representations.*

4. ——*Notice—Prior Similar Suits*—Testimony concerning other similar suits by the same plaintiff under like circumstances and conditions as those surrounding the case on trial, where the defense is want of consideration in the procurement of a note and contract by false representations, is admissible as tending to show knowledge of the fraud on the part of plaintiff.*

*Syllabus by GARRIGUES, J.

*Error to Phillips District Court.*—Hon. H. P. BURKE, Judge.

Mr. PHILIP ZIMMERMAN, for plaintiff in error.

Messrs. ALLEN & WEBSTER, for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court.

1. Action was begun in the county court, where defendant elected to stand upon his demurrer to the complaint which was based on defendant's promissory note given to the Equitable Manufacturing Company and endorsed by it to the bank, and judgment was entered against him. In the district court, on appeal, defendant answered, pleading failure of consideration, plaintiff's notice thereof, and that it was not a *bona fide* purchaser

for value in due course. There was a reply, the issues were tried to a jury which returned a verdict for defendant, and plaintiff brings the case here on error.

2. In March, 1909, a traveling representative of the Manufacturing Company called upon and solicited defendant to purchase a bill of jewelry, regarding which the salesman made certain false representations. Relying upon these representations, defendant signed a contract for the purchase of jewelry, and a promissory note attached to the contract. Thereafter he received the jewelry and sold a few of the articles, amounting to about $39.00. These sales were so unsatisfactory that some of the articles were returned. Defendant then discovered that the whole lot was worthless and unsalable; thereupon he notified the Manufacturing Company that he rescinded the contract, and held the balance of the goods subject to its order, he having theretofore remitted it $50.00 to apply on the note. The bank knew the character of the business and nature of the transactions of the Manufacturing Company. It had had ample experience in prior litigation growing out of notes given upon similar transactions to this company. In March, 1909, plaintiff loaned the Manufacturing Company on its note, $975.00, and took as collateral security $1200.00 in notes of which the defendant's was one, which, on his refusal to pay, was turned over for collection to one of the attorneys for the Manufacturing Company, who was not an attorney for the bank.

3. It is urged in the first assignment of error that when defendant elected in the county court to stand upon his demurrer, he was precluded thereafter from filing an answer and proceeding to trial on the merits in the district court. Section 1539 R. S., 1908 provides that the proceedings, not the trial, in the district court on appeal, shall be in all respects *de novo*; that the court shall enter all orders, and the case shall be conducted in the same

manner as if it was originally brought in that court. It was entirely within the discretion of the district court to permit any amendment or the filing of new pleadings.

4. It is next urged that the court erred in refusing to sustain plaintiff's challenges for cause to three jurors, because each answered on examination that defendant was his family doctor. This is not included in any disqualifying ground against jurors, mentioned in the statute, and being wholly within the discretion of the trial court, we decline to accept plaintiff's contention on this assignment.

5. The remaining assignments relate to rulings on the admission of evidence, and the instructions to the jury. They are disposed of by determining the real questions involved, viz: the admission of the parol statements of the traveling salesman regarding the character of the jewelry, evidence tending to show the bank's knowledge of the fraudulent character of the transaction, and the failure of consideration. The evidence concerning the false representations of the traveling salesman was part of defendant's case, tending to establish failure of consideration. The testimony concerning other similar suits was admissible as tending to show the bank's knowledge of the fraud in question.—*Savings Bank v. Gregg,* 51 Colo. 363, 117 Pac. 1003; *Savings Bank v. Rapp,* 47 Wash. 30, 91 Pac. 382; *Bank v. Brenner,* 82 Conn. 28, 72 Atl. 582; *Savings Bank v. Chase,* 151 N. C. 110, 65 S. E. 745.

Finding no error in the record which would warrant a reversal of the judgment, it is affirmed.

*Affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT concur.